# Exhibit E

Sean Betts
Name

49 E 3700 S
Address

Nibley, UT 84321
City, State, Zip

480-689-2854
Phone

Sbetts317@gmail.com
Email

I am [x] Plaintiff/Petitioner           [ ] Defendant/Respondent
   [ ] Plaintiff/Petitioner's Attorney  [ ] Defendant/Respondent's Attorney (Utah Bar #:_____)
   [ ] Plaintiff/Petitioner's Licensed Paralegal Practitioner
   [ ] Defendant/Respondent's Licensed Paralegal Practitioner          (Utah Bar #:_____)

*(Stamp: SHERIFF'S OFFICE COUNTY OF SOLANO CIVIL/RECORDS 2022 SEP -6 PM 1:49)*

In the District Court of Utah

_First_____ Judicial District ___Cache_____ County

Court Address ___135 N 100 W Logan, UT 84321___

| | |
|---|---|
| | **Summons** (To be served outside Utah) |
| Sean Betts | 220100108 |
| Plaintiff/Petitioner | Case Number |
| v. | |
| SolarXperts LLC; Hugo Bugarini | Judge |
| Defendant/Respondent | |
| | Commissioner (domestic cases) |

The State of Utah to
Hugo Bugarini _____ (party's name):

| | |
|---|---|
| A lawsuit has been filed against you. You must respond in writing by the deadline for the court to consider your side. The written response is called an Answer. | Se ha presentado una demanda en su contra. Si desea que el juez considere su lado, deberá presentar una respuesta por escrito dentro del periodo de tiempo establecido. La respuesta por escrito es conocida como la Respuesta. |

Sean Betts
Name

49 E 3700 S
Address

Nibley, UT 84321
City, State, Zip

480-689-2854
Phone

Sbetts317@gmail.com
Email

I am [x] Plaintiff/Petitioner        [ ] Defendant/Respondent
[ ] Plaintiff/Petitioner's Attorney  [ ] Defendant/Respondent's Attorney (Utah Bar #:_____)
[ ] Plaintiff/Petitioner's Licensed Paralegal Practitioner
[ ] Defendant/Respondent's Licensed Paralegal Practitioner     (Utah Bar #:_____)

SHERIFF'S OFFICE
COUNTY OF SOLANO
CIVIL/RECORDS
2022 SEP -6 PM 1:49

In the District Court of Utah

_First_ Judicial District   Cache   County

Court Address  135 N 100 W Logan, UT 84321

| | |
|---|---|
| Sean Betts<br>Plaintiff/Petitioner | **Summons** (To be served outside Utah) |
| | 220100108<br>Case Number |
| v. | |
| SolarXperts LLC; Hugo Bugarini<br>Defendant/Respondent | Judge |
| | Commissioner (domestic cases) |

The State of Utah to
Hugo Bugarini
_____ (party's name):

| A lawsuit has been filed against you. You must respond in writing by the deadline for the court to consider your side. The written response is called an Answer. | Se ha presentado una demanda en su contra. Si desea que el juez considere su lado, deberá presentar una respuesta por escrito dentro del periodo de tiempo establecido. La respuesta por escrito es conocida como la Respuesta. |
|---|---|

1016GEJ Approved January 22, 2018 /   Summons - Outside Utah                    Page 1 of 4
Revised January 21, 2021

| | |
|---|---|
| **Deadline!**<br>Your Answer must be filed with the court and served on the other party **within 30 days** of the date you were served with this Summons.<br><br>If you do not file and serve your Answer by the deadline, the other party can ask the court for a default judgment. A default judgment means the other party can get what they asked for, and you do not get the chance to tell your side of the story. | **¡Fecha límite para contestar!**<br>Su Respuesta debe ser presentada en el tribunal y también con la debida entrega formal a la otra parte **dentro de 30 días** a partir de la fecha en que usted recibió la entrega formal del Citatorio.<br><br>Si usted no presenta una respuesta ni hace la entrega formal dentro del plazo establecido, la otra parte podrá pedirle al juez que asiente un fallo por incumplimiento. Un fallo por incumplimiento significa que la otra parte recibe lo que pidió, y usted no tendrá la oportunidad de decir su versión de los hechos. |
| **Read the complaint/petition**<br>The Complaint or Petition has been filed with the court and explains what the other party is asking for in their lawsuit. Read it carefully. | **Lea la demanda o petición**<br>La demanda o petición fue presentada en el tribunal y ésta explica lo que la otra parte pide. Léala cuidadosamente. |
| **Answer the complaint/petition**<br>You must file your Answer in writing with the court **within 30 days** of the date you were served with this Summons. You can find an Answer form on the court's website: utcourts.gov/ans<br><br>Scan QR code to visit page | **Cómo responder a la demanda o petición**<br>Usted debe presentar su Respuesta por escrito en el tribunal **dentro de 30 días** a partir de la fecha en que usted recibió la entrega formal del Citatorio. Puede encontrar el formulario para la presentación de la Respuesta en la página del tribunal: utcourts.gov/ans-span<br><br>Para accesar esta página escanee el código QR |
| **Serve the Answer on the other party**<br>You must email, mail or hand deliver a copy of your Answer to the other party (or their attorney or licensed paralegal practitioner, if they have one) at the address shown at the top left corner of the first page of this Summons. | **Entrega formal de la respuesta a la otra parte**<br>Usted deberá enviar por correo electrónico, correo o entregar personalmente una copia de su Respuesta a la otra parte (o a su abogado o asistente legal, si tiene) a la dirección localizada en |

| | |
|---|---|
| **Finding help**<br>The court's Finding Legal Help web page (utcourts.gov/help) provides information about the ways you can get legal help, including the Self-Help Center, reduced-fee attorneys, limited legal help and free legal clinics.<br> Scan QR code to visit page | la esquina izquierda superior de la primera hoja del citatorio.<br>**Cómo encontrar ayuda legal**<br>Para información sobre maneras de obtener ayuda legal, vea nuestra página de Internet Cómo Encontrar Ayuda Legal. (utcourts.gov/help-span) Algunas maneras de obtener ayuda legal son por medio de una visita a un taller jurídico gratuito, o mediante el Centro de Ayuda. También hay ayuda legal a precios de descuento y consejo legal breve.<br> Para accesar esta página escanee el código QR |

An Arabic version of this document is available on the court's website:
نسخة عربية من هذه الوثيقة على موقع المحكمة على تـ وجد الإنترنت:
utcourts.gov/arabic-out

A Simplified Chinese version of this document is available on the court's website:
本文件的简体中文版可在法院网站上找到：
utcourts.gov/chinese-out
 请扫描QR码访问网页

A Vietnamese version of this document is available on the court's website:
Một bản tiếng Việt của tài liệu này có sẵn trên trang web của tòa:
utcourts.gov/viet-out
 Xin vui lòng quét mã QR (Trả lời nhanh)để viếng trang

**Plaintiff/Petitioner or Defendant/Respondent**

I declare under criminal penalty under the law of Utah that everything stated in this document is true.

Signed at  Nibley, UT                                                                 (city, and state or country).

9/1/2022                         Signature ▶ _____
Date
                                 Printed Name  Sean Betts

**Attorney or Licensed Paralegal Practitioner of record** (if applicable)

Date _____  Signature ▶ _____

Printed Name _____

# THE FIRST JUDICIAL DISTRICT COURT, STATE OF UTAH
## CACHE COUNTY, LOGAN DEPARTMENT

| | |
|---|---|
| Sean Betts, | |
| Plaintiff, | Case No. 220100108 |
| v. | |
| SolarXperts LLC; Hugo Bugarini | |
| Defendants. | |

## COMPLAINT

Sean Betts (Plaintiff) alleges the following against SolarXperts LLC and Hugo Bugarini (Defendants):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Utah Telephone and Facsimile Solicitation Act (hereinafter "UTFSA") pursuant to U.C.A. §13-25a-107(a); (ii) private rights of actions for alleged violations of the Federal Telephone Communications Privacy Act (hereinafter "TCPA) pursuant to 47 U.S.C. §227 et. seq.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction in matters involving: (i) private rights of action for alleged violations of the UTFSA pursuant to U.C.A. §13-25a-107(a); (ii) private rights of actions for alleged violations of TCPA claims under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants

1

the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Utah.

4. Venue is proper under 28 U.S.C. § 1391(b)(1) and (b)(2) and U.C.A. §13-25a-107(1)

## PARTIES

5. Plaintiff is a natural person residing in Nibley, Utah 84321.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant SolarXperts LLC ("SolarXperts") is a business entity with principal place of business, head office, or otherwise valid mailing address at 2150 John Glenn Dr 250 Concord, CA 94520.

8. Defendant Hugo Bugarini ("Bugarini") is an individual who's valid mailing address is 115 Cordova St, Vallejo, CA 94591 are each a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## PERSONAL LIABILITY OF THE INDIVIDUAL DEFENDANT

10. Under the TCPA, an individual may be personally liable pursuant to 47 U.S.C. § 217, which provides that the "act, omission, or failure... of any officer... acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be

2

also deemed to be the act, omission, or failure... of such carrier or user as well as of that person." 47 U.S.C. § 217.

## FACTUAL ALLEGATIONS

11. Between the dates of March 13, 2020 and May 11, 2020 Plaintiff received no less than 10 calls from spoofed phone numbers using automatic dialing systems (ATDS) and a pre-recorded message to his cellular telephone number ending in 2854. The automated message did not provide an opt-out and stated they were from Energy Advocates and/or American Solar. Upon speaking to various live agents from a foreign country Plaintiff was told the company name was "American Solar". Plaintiff repeatedly asked to be removed from their calling list but the calls continued. Plaintiff finally agreed to a call back from someone in the United States.

12. Around May 5, 2020, Plaintiff was finally put in touch with the US based company and was informed the name of the company was actually SolarXperts. The salesman attempted to set up an appointment to give a solar bid and plaintiff set up the appointment in order to get the real contact information for SolarXperts. On May 5, 2020 Plaintiff contacted the corporate offices of SolarXperts and informed them of the harassing phone calls. Plaintiff spoke with Buganini and was told the calls would stop.

13. On May 11, 2020, Plaintiff received additional phones calls to his cell phone ending in 2854 from 623-252-5178 and 623-252-3873 which were spoofed phone numbers. The calls were a pre-recorded message from "Jason with Energy Advocates". The calls were then transferred to a live person in a foreign country who stated they were American Solar.

14. Plaintiff has been on the Do Not Call Registry since December 24, 2011.

15. Defendants' calls were not made for "emergency purposes," but were sent to Plaintiff to solicit solar panels.

3

16. The Defendants did not have an internal written policy for maintaining a do-not-call list, did not place the Plaintiff on an internal do not call list therefore violating 47 CFR 64.1200(d).

17. Defendants' incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

18. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act and the Utah Telephone and Facsimile Solicitation Act.

**COUNT I
AGAINST ALL DEFENDANTS
VIOLATED THE TCPA 47 U.S.C. § 227(B)**

19. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

21. Federal Communications Commission (FCC) reasonably interpreted TCPA to prohibit any call, including both voice and text call, using automatic telephone dialing system (ATDS) or artificial or prerecorded message to any wireless telephone number, and thus, "call" within meaning of TCPA included calls to consumers' cellular telephones by mobile marketing firms to advertise the sale of solar panels. Telephone Consumer Protection Act of 1991, § 3(a), 47 U.S.C.A. § 227(b)(1)(A)(iii). Satterfield v. Simon & Schuster, Inc., 569 F.3d 946 (9th Cir. 2009).

4

22. Defendants placed multiple calls to Plaintiff's cellular telephone number using an artificial voice and prerecorded message.

23. Defendants' calls were not made for "emergency purposes."

24. Defendants' calls to Plaintiff's cellular telephone were without any prior express consent.

25. Defendants' contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since December 24, 2011.

26. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**COUNT II**
**AGAINST ALL DEFENDANTS**
**VIOLATED THE TCPA 47 U.S.C. § 227(C)**

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. The TCPA prohibits any person or entity of initiating any telephone solicitation to a cellular telephone subscriber who has registered his or his telephone number on the National Do-

5

Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

31. Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since December 24, 2011.

32. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

<u>COUNT III</u>
<u>AGAINST ALL DEFENDANTS</u>
<u>VIOLATED THE TCPA 47 U.S.C. § 227(C)</u>

35. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

36. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards: (1) Written policy. Persons or entities making calls for

6

telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list."

37. Defendants made marketing calls without implementing internal procedures for maintaining a written policy for maintaining a do-not-call list and making it available upon demand. See 47 C.F.R. 64.1200(d)(1).

38. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. See 47 U.S.C. § 227(c)(5).

39. As a result of Defendant SolarXperts failures, it, therefore, violated 47 U.S.C. §227(c)(5).

40. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT IV
## AGAINST ALL DEFENDANTS
## VIOLATED THE *U.C.A. §13-25A-103(1)*

41. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

42. Under U.C.A *§13-25a-103(1)*, "a person may not operate or authorize the operation of an automated telephone dialing system or make a telephone solicitation."

43. Defendants made multiple telephone calls to Plaintiff's cellular telephone using an automated dialing system.

7

44. These calls were made without prior express written consent by the Plaintiff. They were also made without an existing business relationship.

## COUNT V
## AGAINST ALL DEFENDANTS
## VIOLATED THE *U.C.A. §13-25A-103(3)*

45. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length therein.

46. Defendants violated U.C.A. §13-25a-103(3) Defendant called Plaintiff before 8 am and on Sundays.

47. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

48. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

49. As a result of the above violations, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT VI
## AGAINST ALL DEFENDANTS
## VIOLATED THE *U.C.A. §13-25A-103(5)*

50. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length therein.

8

51. Under U.C.A. §13-25a-103(5) "any telephone solicitor who makes an unsolicited telephone call must identify themselves as well as the business on whose behalf they telephone solicitor is soliciting."

52. Plaintiff was given fake names and businesses in order to hide the true identity of the person/company that was soliciting him. Plaintiff had to set up an appointment in order to find out the true identity of the business.

53. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

54. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

55. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**COUNT VII
AGAINST ALL DEFENDANTS
VIOLATED THE *U.C.A. §13-25A-103(6)*** 

56. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length therein.

57. Under U.C.A. §13-25a-103(6) "A telephone solicitor may not withhold the display of the telephone solicitor's telephone number from the caller identification service when the number is being used for telemarketing purposes and when the telephone solicitor's service or equipment is capable of allowing the display of the number."

58. All calls made to Plaintiff were from spoofed phone numbers. Plaintiff attempted to call the numbers back but was informed that the numbers were not working numbers.

59. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

60. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

61. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Sean Betts**, respectfully prays for judgment as follows:

a. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial.

b. All actual damages Plaintiff suffered (as provided under 47 U.S.C. §227(b)(3)(A)) from all Defendants;

c. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)) from all Defendants;

d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)) from all Defendants;

e. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c)) from all Defendants;

f. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c)) from all Defendants;

g. Additional statutory damages against Defendant SolarXperts of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c) for violation of 47 C.F.R. 64.1200(d)(1));

h. Additional treble damages against Defendant SolarXperts of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c) for violation of 47 C.F.R. 64.1200(d)(1));

i. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); in addition to,

j. Statutory damages of $500.00 per violative telephone call (as provided under U.C.A §13-25a-107(1)(b)(i) and (2)(a)(i));

k. Treble damages of $1,500.00 per violative telephone call (as provided under U.C.A §13-25a-107(1)(b)(i) and (2)(b)(i));

l. Statutory damages of $500 for violative telephone calls (as provided under U.C.A §13-25a-107(1)(b)(ii) and (2)(a)(i));

m. Treble damages of $1,500.00 for violative telephone calls (as provided under U.C.A §13-25a-107(1)(b)(ii) and (2)(b)(i));

n. Statutory damages of $500.00 per violative telephone call (as provided under U.C.A §13-25a-107(1)(b)(iii) and (2)(a)(i));

o. Treble damages of $1,500.00 per violative telephone call (as provided under U.C.A §13-25a-107(1)(b)(iii) and (2)(b)(i);

p. Statutory damages of $500 for violative telephone calls (as provided under U.C.A §13-25a-107(1)(b)(iv) and (2)(a)(i);

q. Treble damages of $1,500.00 for violative telephone calls (as provided under U.C.A §13-25a-107(1)(b)(iv) and (2)(b)(i));

r. Recovery of court costs and attorney's fees (as provided under U.C.A §13-25a-107(2)(a)(ii);

s. Seeks to enjoin any conduct in violation of chapter U.C.A §13-25a-107(as provided under U.C.A §13-25a-107(2)(a)(iii) and

t. Any other relief this Honorable Court deems appropriate.

Respectfully submitted,

Dated: 03/07/2022

By: Sean Betts

Nibley, UT 84321

12